SECRET

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
BANGOR
RECEIVED & FILED

2026 MAR 12  P 2: 42

|  |  |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 1:26-cr- 00023-SDN |
| RACHAEL KENNEDY | |
| and | |
| RASHIDAH HENRY A/K/A RASHIDA | |

### INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

#### *Introduction*

At all times relevant to this Indictment:

1.      Bank A was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

2.      Credit Union B was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund ("NCUSIF").

3.      Credit Union C was a financial institution whose deposits were insured by the NCUSIF.

4.      Credit Union D was a financial institution whose deposits were insured by the NCUSIF.

5.      Victim 1 resided in Maine and was a customer of and had a bank account with Bank A.

1

6.      Victim 2 resided in Maine and was a customer of and had a bank account with Bank A.

7.      Victim 3 resided in Maine and was a customer of and had a bank account with Bank A.

8.      Victim 4 resided in Maine and was a member of and had an account with Credit Union B.

9.      Victim 5 resided in Maine and was a customer of and had a bank account with Bank A.

10.     Victim 6 resided in Maine and was a member of and had an account with Credit Union C.

11.     Victim 7 resided in Maine and was a member of and had an account with Credit Union D.

12.     Victim 8 resided in Maine and was a customer of and had a bank account with Bank A.

13.     Defendants Rachael Kennedy and Rashidah Henry, A/K/A Rashida, did not have authority to possess or use the personally identifiable information, including names and dates of birth, of the victims identified in paragraphs 5 through 12 (hereinafter, collectively, "Victims 1-8").

14.     Defendants Rachael Kennedy and Rashidah Henry, A/K/A Rashida, did not have authority to access or withdraw funds from Victim 1-8's accounts at their respective financial institutions.

## OVERVIEW OF CONSPIRACY

15.     Beginning at an unknown time, but no later than on about October 21, 2025, and continuing through about October 24, 2025, the defendants and others

known and unknown conspired to execute and executed a scheme to defraud Bank A, Credit Union B, Credit Union C, and Credit Union D (hereinafter, collectively, "the subject financial institutions"), and to obtain funds from accounts with the subject financial institutions based on false and fraudulent pretenses, representations, and promises, including by obtaining false and fictitious identification documents in the names of legitimate customers and then using those identification documents at branch locations of the subject financial institutions in the District of Maine and elsewhere to access the customers' accounts and withdraw funds from those accounts.

## OBJECT AND PURPOSE OF CONSPIRACY

16.     The object of the conspiracy was to commit bank fraud by using personal identifying information of legitimate customers to get access to and withdraw funds under the control of the subject financial institutions from customer accounts. The purpose of the conspiracy was to enrich the defendants and coconspirators.

## MANNER AND MEANS

17.     Among the manner and means by which the defendants and others known and unknown carried out the conspiracy and the scheme to defraud were the following:

a.   Obtaining and possessing personally identifiable information of legitimate customers of the subject financial institutions.

b.   Obtaining false and fictitious identification documents, including instruments purporting to be U.S. passport cards, in the names of legitimate customers of the subject financial institutions.

c.   Entering branch locations of the subject financial institutions to use the false and fictitious identification documents in the names of legitimate customers to access the customers' accounts and home equity lines of

credit ("HELOC").

    d.  Impersonating legitimate customers of the subject financial institutions by using fraudulent identity documents.

    e.  Accessing and withdrawing funds from customers' HELOC accounts.

<b>ACTS IN FURTHERANCE OF CONSPIRACY</b>

18.      Beginning at an unknown time, but no later than on about October 21, 2025, and continuing through about October 24, 2025, the defendants and others known and unknown committed and caused to be committed the following acts, among others, in furtherance of the conspiracy and scheme to defraud:

    a.  The Defendants possessed personally identifiable information, including names, dates of birth, and social security numbers, of the account holders of the subject financial institutions without lawful authority or permission.

    b.  On about October 22 and October 23, 2025, Defendants Kennedy and Henry communicated by text about plans to travel to banks together, including plans for Defendant Henry to drive Defendant Kennedy to banks.  Defendant Henry agreed to do this with Defendant Kennedy.

    c.  On October 24, 2025, Defendant Henry used her phone to search for financial institutions in the District of Maine.

    d.  On October 24, 2025, Defendant Henry drove Defendant Kennedy to financial institutions in the District of Maine, including a Bank A branch location in Houlton, Maine.

    e.  On October 24, 2025, the Defendants traveled to financial institutions, including a Bank A location in Houlton, Maine, to access financial accounts and obtain funds from accounts or lines of credit without

4

permission or lawful authority of the actual account holders.

f.  On October 24, 2025, Defendant Kennedy had in her possession two false and fictitious identification documents, including a military identification card and an instrument purporting to be a U.S. passport card, in the name of a real person, but bearing Defendant Kennedy's image on them.

g.  On October 24, 2025, Defendant Henry had in her possession five false and fictitious identification documents purporting to be U.S. passport cards in the names of other real persons, but bearing Defendant Henry's image on them.

h.  During the conspiracy, the defendants agreed with each other and with others known and unknown, to enter financial institutions, namely, the subject financial institutions, with fraudulent identifications containing the names and personally identifiable information of other real individuals.

i.  The defendants agreed with each other and others known and unknown, to travel to financial institutions in the District of Maine to engage in acts in furtherance of the conspiracy and scheme to defraud.

j.  As part of the conspiracy, the defendants traveled to different branches of the subject financial institutions, where the defendants attempted to, and did, impersonate victims and obtain funds from customer accounts by fraud.

## COUNT ONE
(Conspiracy to Commit Bank Fraud)

19.    Paragraphs 1 through 18 of this Indictment are re-alleged and

5

incorporated by reference.

## THE SCHEME AND ARTIFICE

20.    Beginning at an unknown time, but no later than on about October 21, 2025, and continuing through about October 24, 2025, in the District of Maine and elsewhere, the Defendants,

### RACHAEL KENNEDY

### and

### RASHIDAH HENRY, A/K/A RASHIDA

knowingly conspired with each other and with others, known and unknown, to commit bank fraud, that is, to knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, namely, the subject financial institutions, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of the subject financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

All in violation of Title 18, United States Code, Sections 1344 and 1349.

## COUNTS TWO – NINE
(Bank Fraud)

21.    Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference.

22.    Between about October 21 and October 24, 2025, in the District of Maine, the Defendant,

### RACHAEL KENNEDY

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of a financial institution, as listed below in each Count, by means of materially false and fraudulent pretenses, representations, and promises, as follows:

| COUNT | APPROXIMATE DATE | LOCATION | FINANCIAL INSTITUTION | ACT |
|---|---|---|---|---|
| TWO | October 21, 2025 | Broadway, Bangor | Bank A | Defendant provided Victim 1's name and partial social security number to Bank A and presented an instrument purporting to be a United States passport card bearing Victim 1's name and date of birth as identification to Bank A to withdraw and obtain funds from Victim 1's HELOC account. |
| THREE | October 21, 2025 | Springer Drive, Bangor | Bank A | Defendant presented an instrument purporting to be a United States passport card bearing Victim 2's name and date of birth as identification to Bank A in an attempt to withdraw and obtain funds from Victim 2's HELOC account. |
| FOUR | October 21, 2025 | Hampden | Bank A | Defendant provided Victim 3's name and partial social security number to Bank A and presented an instrument purporting to be a United States passport card bearing Victim 3's name and date of birth as identification to Bank A in an attempt to withdraw and obtain funds from Victim 3's HELOC account. |

7

| FIVE | October 21, 2025 | Stillwater Ave., Bangor | Credit Union B | Defendant presented an instrument purporting to be a United States passport card bearing Victim 4's name and date of birth as identification to Credit Union B to withdraw and obtain funds from Victim 4's HELOC account. |
|------|------------------|-------------------------|---------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
| SIX | October 24, 2025 | Mars Hill | Bank A | Defendant provided Victim 5's name and partial social security number to Bank A and presented an instrument purporting to be a United States passport card bearing Victim 5's name and date of birth as identification to Bank A in an attempt to withdraw and obtain funds from Victim 5's HELOC account. |
| SEVEN | October 24, 2025 | Presque Isle | Credit Union C | Defendant provided Victim 6's name and partial social security number to Credit Union C and presented an instrument purporting to be a United States passport card bearing Victim 6's name and date of birth as identification to Credit Union C to withdraw and obtain funds from Victim 6's HELOC account. |
| EIGHT | October 24, 2025 | Presque Isle | Credit Union D | Defendant presented an instrument purporting to be a United States passport card bearing Victim 7's name and date of birth as identification to Credit Union D to withdraw and obtain funds from Victim 7's HELOC account. |
| NINE | October 24, 2025 | Houlton | Bank A | Defendant provided Victim 8's name and partial social security number to Bank A and presented an instrument purporting to be a United |

| | | | | States passport card bearing Victim 8's name and date of birth as identification to Bank A in an attempt to withdraw and obtain funds from Victim 8's HELOC account. |
|---|---|---|---|---|

All in violation of Title 18, United States Code, Section 1344.

## COUNTS TEN – SEVENTEEN
### (False Use of a Passport)

23.     Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference.

24.     Between about October 21 and October 24, 2025, in the District of Maine, the Defendant,

### RACHAEL KENNEDY

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered passport and instrument purporting to be a passport, as follows:

| COUNT | APPROXIMATE DATE | LOCATION | ACT |
|---|---|---|---|
| TEN | October 21, 2025 | Bangor, Bank A | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 1's name and date of birth as a form of identification to Bank A. |
| ELEVEN | October 21, 2025 | Bangor, Bank A | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 2's name and date of birth as a form of identification to Bank A. |
| TWELVE | October 21, 2025 | Hampden, Bank A | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 3's name and date of birth as a form of identification to Bank A. |

| THIRTEEN | October 21, 2025 | Bangor, Credit Union B | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 4's name and date of birth as a form of identification to Credit Union B. |
| FOURTEEN | October 24, 2025 | Mars Hill, Bank A | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 5's name and date of birth as a form of identification to Bank A. |
| FIFTEEN | October 24, 2025 | Presque Isle, Credit Union C | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 6's name and date of birth as a form of identification to Credit Union C. |
| SIXTEEN | October 24, 2025 | Presque Isle, Credit Union D | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 7's name and date of birth as a form of identification to Credit Union D. |
| SEVENTEEN | October 24, 2025 | Houlton, Bank A | Defendant used and presented an instrument purporting to be a United States passport card bearing Victim 8's name and date of birth as a form of identification to Bank A. |

All in violation of Title 18, United States Code, Section 1543.

**COUNTS EIGHTEEN – TWENTY-FIVE**
(Aggravated Identity Theft)

25.     Paragraphs 1 through 18 of this Indictment are re-alleged and incorporated by reference.

26.     Between about October 21 and October 24, 2025, in the District of Maine, the Defendant,

**RACHAEL KENNEDY**

10

knowingly possessed and used, without lawful authority, a means of identification of

another person during and in relation to a felony violation enumerated in Title 18,

United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18,

United States Code, Section 1344, as follows:

| COUNT | APPROXIMATE DATE | LOCATION | ACT AND MEANS OF IDENTIFICATION |
|---|---|---|---|
| EIGHTEEN | October 21, 2025 | Bangor, Bank A | Defendant possessed and used Victim 1's name, date of birth, and partial social security number at a Bank A branch to withdraw and obtain funds from Victim 1's HELOC account, during and in relation to the felony violation alleged in Count 2. |
| NINETEEN | October 21, 2025 | Bangor, Bank A | Defendant possessed and used Victim 2's name and date of birth at a Bank A branch in an attempt to withdraw and obtain funds from Victim 2's HELOC account, during and in relation to the felony violation alleged in Count 3. |
| TWENTY | October 21, 2025 | Hampden, Bank A | Defendant possessed and used Victim 3's name, date of birth, and partial social security number at a Bank A branch in an attempt to withdraw and obtain funds from Victim 3's HELOC account, during and in relation to the felony violation alleged in Count 4. |
| TWENTY-ONE | October 21, 2025 | Bangor, Credit Union B | Defendant possessed and used Victim 4's name and date of birth at a Credit Union B branch to withdraw and obtain funds from Victim 4's HELOC account, during and in relation to the felony violation alleged in Count 5. |
| TWENTY-TWO | October 24, 2025 | Mars Hill, Bank A | Defendant possessed and used Victim 5's name, date of birth, and partial social security number at a Bank A branch in an attempt to withdraw and obtain funds from Victim 5's HELOC account, during and in relation to the felony violation alleged in Count 6. |

| TWENTY-THREE | October 24, 2025 | Presque Isle, Credit Union C | Defendant possessed and used Victim 6's name, date of birth, and partial social security number at a Credit Union C branch to withdraw and obtain funds from Victim 6's HELOC account, during and in relation to the felony violation alleged in Count 7. |
|---|---|---|---|
| TWENTY-FOUR | October 24, 2025 | Presque Isle, Credit Union D | Defendant possessed and used Victim 7's name and date of birth at a Credit Union D branch to withdraw and obtain funds from Victim 7's HELOC account, during and in relation to the felony violation alleged in Count 8. |
| TWENTY-FIVE | October 24, 2025 | Houlton, Bank A | Defendant possessed and used Victim 8's name, date of birth, and partial social security number at a Bank A branch in an attempt to withdraw and obtain funds from Victim 8's HELOC account, during and in relation to the felony violation alleged in Count 9. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 1028A(b).

**FIRST FORFEITURE NOTICE**

27.     Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1344 and/or 1349, as set forth in Counts One through Nine of this Indictment, the Defendants,

**RACHAEL KENNEDY**

**and**

**RASHIDAH HENRY, A/K/A RASHIDA**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained directly or

indirectly as the result of the offense and, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from proceeds traceable to the offense. The property to be forfeited includes, but is not limited to:

      a.  A money judgment in the amount of all such proceeds; and

      b.  $5,516 in U.S. Currency seized from Rachael Kennedy.

28.    If any of the property described in Paragraph 27 above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), as a result of any act or omission of the Defendants—

      a. cannot be located upon the exercise of due diligence;

      b. has been transferred or sold to, or deposited with, a third party;

      c. has been placed beyond the jurisdiction of the Court;

      d. has been substantially diminished in value; or

      e. has been commingled with other property which cannot be divided
        without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b) and Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the Defendants up to the value of the property described in Paragraph 27 above.

All pursuant to 18 U.S.C. § 982(a)(2)(A), 18 U.S.C. § 981(a)(1)(C), and 28 U.S.C. § 2461(c).

## SECOND FORFEITURE NOTICE

29.    Upon conviction of one or more of the offenses in violation of Title 18,

United States Code, Section 1543, as set forth in Counts Ten through Seventeen of this Indictment, the Defendants,

**RACHAEL KENNEDY**

**and**

**RASHIDAH HENRY, A/K/A RASHIDA**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), any property, real or personal, constituting or derived from or traceable to the proceeds obtained directly or indirectly from the commission of the offense, and any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense. The property to be forfeited includes, but is not limited to:

      a.  A money judgment in the amount of all such proceeds;

      b.  $5,516 in U.S. Currency seized from Rachael Kennedy; and

      c.  Any instrument purporting to be a United States passport card.

    All pursuant to 18 U.S.C. § 982(a)(6).

Signature Redacted – Original on file with the Clerk's Office

FOREPERSON

Assistant U.S. Attorney
Date:  3/12/26

14